Mr. David B. Alexander Revenue Legal Counsel Department of Finance and Administration Post Office Box 1272, Room 2380 Little Rock, AR 72203-1272
Dear Mr. Alexander:
I am writing in response to your request for my opinion concerning the release of certain records under the Arkansas Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.) Your request is made pursuant to A.C.A. § 25-19-105(c)(3)(B), which requires that I determine whether the custodian's decision with respect to the release of personnel or evaluation records is consistent with the FOIA.
Your question pertains specifically to the job application of an employee of another state agency who applied, unsuccessfully, for a position with the Department of Finance and Administration (DFA). As you note, the Attorney General's Office has in the past distinguished between the job applications of unsuccessful and successful candidates, opining that those in the latter group constitute "personnel records" subject not only to constitutional protection, but also to statutory protection under the FOIA. See, e.g. Ops. Att'y Gen. 2002-068 and 98-102. You state that your research suggests, however, that a job application from an unsuccessful applicant who is currently employed in another state agency should be treated as a personnel record. You point out that the Office of Personnel Management Policy and Procedures Manual (PPM) Section 220 treats the hiring of a state employee into another agency as a transfer, and not a new hire, for purposes of determining salary. You also note that the employee's accrued leave transfers with the employee pursuant to PPM Section 105.12.1, and that the move from one agency to another is otherwise treated as a transfer. Id. at Section 200.1.11.
Accordingly, you express your belief that DFA should treat the job application of an employee of another state agency no differently than an application for promotion or transfer within the agency, i.e., it should be treated as a "personnel record" under the FOIA. Your question is as follows:
 I respectfully request an Opinion from the Attorney General as to whether the job application of an unsuccessful applicant who is employed by the State of Arkansas, but who is not an employee of the agency from whom the record is requested, is a "personnel record" for the purposes of the Freedom of Information Act (FOIA), Ark. Code Ann. § 25-19-101 et seq.
RESPONSE
It is my opinion that in making a determination on the release of records a custodian could legitimately rely upon the principle that a record pertaining to an unsuccessful job applicant who is employed by another state agency is a "personnel record." Because the term "personnel record" is not defined in the FOIA, legislative or judicial clarification may be necessary to definitively resolve the matter.
As I have previously noted, there is no controlling authority on the issue of whether the records of unsuccessful job applicants should be classified as "personnel records." Op. Att'y Gen. 2003-015 at n. 2. Past opinions of this office have generally taken the view that such records should not be treated as "personnel records." See, e.g., Op. Att'y Gen.2002-068. As also previously recognized by this office, however, the FOIA does not define "personnel records;[1] and the lower courts are divided on the issue. See again Op. 2003-015 at n. 1. While I thus cannot be certain of the method a court would adopt if faced with the issue, it is my opinion that the approach, analysis and result you have suggested with respect to a current state employee's application for a position with another state agency may reasonably be relied upon pending legislative clarification or judicial interpretation. Even if a court distinguished between a file maintained on a current employee from a file containing information on a potential employee when deciding whether a job application is to be considered a "personnel record" under the FOIA (see,e.g., Ops. Att'y Gen. 93-114 and 87-70), the application of an employee of another state agency might well be deemed a "personnel record" under this approach. Further bolstering this approach, in my view, is the fact that the hiring action is treated as a transfer from a personnel management standpoint. In this regard, I have previously concluded that a printout maintained by the State Office of Personnel Management (OPM) containing information pertaining to state agency attorneys is a "personnel record" under the FOIA, Op. Att'y Gen. 2004-201, despite the fact that the attorneys were employees of other state agencies and not of OPM itself.
Pending legislative clarification or resolution at the appellate court level, therefore, it is my opinion that DFA may legitimately treat the job application of an employee of another state agency no differently than an application for promotion or transfer within the agency.[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Section 25-19-105(b)(12) (Supp. 2003) states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.]" See also A.C.A. §25-19-105(c)(2) and (3) (addressing procedural matters with respect to "personnel or evaluation records[,]" but not defining either term.)
[2] This opinion does not address any question concerning the release of particular records, as you have not sought my review of any decision in that regard.